## Weddle *against* Robertson.

The statute of limitations does not allow an infant ten years after the expiration of twenty-one years from the period of adverse possession; he can, in no case, have more than thirty-one, or less than twenty-one years; but his privilege may be graduated by circumstances to any intermediate period.

ERROR to the common pleas of *Westmoreland* county.

Andrew Robertson's administrators, *cum testamento annexo*, against Joseph P. Weddle. This was an action of ejectment, in which the only question argued in this court, was on the subject of the statute of limitations, arising out of. the charge of the court, as follows:

White, president. If the possession was taken by Robertson, in 1791, Jesse, Joseph, and Peter Weddle, were all minors; and they would have a right to bring an action or make an entry, at any time within ten years next, after attaining full age; notwithstanding the adverse claimant may have been in possession for a longer period than twenty-one years. But they are not, as has been contended, entitled to twenty-one years' indulgence, after they severally attain twenty-one years of age. Nor does the minority of one protect the rights of the others. In some cases this saving clause gives more than twenty-one years from the time adverse possession is taken, within which to bring an action; in others not more; that will depend upon the age of the infant at the time possession was taken; for instance, in the present case. If Peter Weddle, the son, was born in 1787, he would become of age in 1808; under the proviso, he may bring his action within ten years thereafter, which would give him till 1818, a period of twenty-seven years, from the time possession was taken. So, Joseph P. Weddle, upon the same principle, would have till 1815 or 1816, a lapse of twenty-four or twenty-five years. But if, according to the testimony, Jesse was born in 1780, he would be of age in 1801, and the ten years added would bring it down to 1811; but as there would then have been but an adverse possession of twenty years, he is not benefitted by the proviso in the statute of limitations, and this arises from his age at the time adverse possession was taken.

*Alexander*, for plaintiff in error.
*Coulter*, for defendant in error.

PER CURIAM.—The statute is too explicit to allow an infant ten years after the expiration of twenty-one years from the period of adverse possession; the words are, "ten years after attaining full age." An infant, therefore, can in no case have more than thirty-

[Weddle v. Robertson.]

one or less than twenty-one; but his privilege may be graduated by circumstances to any intermediate period.   Thus, adverse possession taken six months after his birth, would give him thirty years and six months to bring his action; but taken six months before the period of full age, would give him, not merely the ten years allowed by the saving, but the original twenty-one allowed by the restraining clause; and the saving clause would thus have become inoperative, because smaller than the statute. But to add the period of saving to the period of the statute, would, in the last instance, give him thirty years and six months after the attainment of his age; a construction palpably erroneous.   An infant out of possession at the attainment of his age, therefore, has, in all cases, ten years after disability removed; but it may happen that the twenty-one allowed by the restraining clause, may overreach the period allowed by the saving clause and merge it.   This principle was fairly applied to the evidence, and the legal conclusion to be drawn from the facts, if found in a particular way, was accurately stated.

Judgment affirmed.